**Sugiharto RUSLIM, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES.**

No. 06–3711.

United States Court of Appeals, Third Circuit.

Submitted under Third Circuit LAR 34.1(a) Oct. 23, 2007.

Filed: Oct. 24, 2007.

Ephraim T. Mella, Philadelphia, PA, for Petitioner.

Susan K. Houser, United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Attorney General of the United States.

BEFORE: FISHER, ALDISERT, and GREENBERG, Circuit Judges.

## OPINION OF THE COURT

GREENBERG, Circuit Judge.

This matter comes on before the court on a petition for review of a decision and order of the Board of Immigration Appeals ("BIA") entered July 12, 2006, dismissing petitioner Sugiharto Ruslim's appeal of a decision of an Immigration Judge ("IJ") denying his application for asylum and withholding of removal pursuant to sections 208 and 241(b)(3) of the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1158, 1231(b)(3), as well as denying his request for withholding of removal pursuant to the Convention Against Torture ("CAT"). The IJ, however, granted him voluntary departure. The BIA had jurisdiction under 8 U.S.C. § 1103 and 8 C.F.R. §§ 1003.1(b)(3) and (9) and 1240.15, and we have jurisdiction under 8 U.S.C. § 1252(b)(2) and (d). In this case the BIA affirmed the IJ's decision for the reasons that the IJ stated, and, in addition, made some additional comments. In these circumstances we review the decisions and orders of both the BIA and the IJ. We will deny the petition for review as "reasonable, substantial and probative evidence on the record considered as a whole" completely supports the disposition of the case by the BIA and IJ. *See Guo v. Ashcroft,* 386 F.3d 556, 561 (3d Cir.2004).

█ To start with Ruslim filed his application for asylum far after the expiration of the one-year period following an alien's arrival in the United States allowed by section 208(a)(2)(B) of the INA, 8 U.S.C. § 1158(a)(2)(B), and he does not advance any reasons that justify his late application. Moreover, in light of the conclusion of his brief asking only that we "reverse or set aside the BIA's decision, and remand the case for further prosecution of [his] prayer for relief of withholding of removal, and protection under the CAT," he does not appear to contend otherwise. Petition-

er's br. at 15. In any event, the BIA and IJ clearly did not err in finding that his application for asylum was unjustifiably untimely.

█ The balance of Ruslim's claim is completely insubstantial. Indeed, in his brief, though he cites to certain incidents in his youth in Indonesia that he characterizes as persecution, he states that he "did not allege any past persecution, but based merely his application on general country conditions in Indonesia." *Id.* at 6. The fact is that if we accepted his arguments the entire population of Indonesia insofar as it is of Chinese origin would be entitled to asylum or withholding of removal in this country. We reject that suggestion.

The petition for review of the decision and order of the BIA entered July 12, 2006, will be denied.